**KOCH GRAPHICS, INC., Appellant,**

v.

**AVANTECH, INC., Appellee.**

**No. 05–90–00587–CV.**

Court of Appeals of Texas,
Dallas.

Jan. 15, 1991.

James David Brown, Winstead, Sechrest & Minick, Dallas, for appellant.

Mark L. Johansen, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee.

Before ENOCH, C.J., and THOMAS and OVARD, JJ.

## OPINION

ENOCH, Chief Justice.

Koch Graphics, Inc. appeals the overruling of its special appearance, the denials of its motion to quash process and motion for new trial, and the awarding of a default judgment in favor of Avantech, Inc. We reverse the trial court's judgment, render on Koch's special appearance, and order the cause dismissed for lack of personal jurisdiction over Koch.

### FACTS

In September 1988, Avantech contacted Hudson Machinery Company, Inc., a New York corporation, concerning Avantech's prospective purchase of printing equipment then owned by Koch, also a New York corporation. Avantech and Hudson agreed on a selling price of $715,000, and Hudson received a $50,000 deposit. Koch was not involved in the negotiation of the agree-

ment, but Avantech viewed the equipment at Koch's place of business in New York City. Koch agreed to sell the equipment to Hudson for $645,000 and received a $50,000 deposit from Hudson. Neither sale was completed. Koch kept Hudson's deposit and later sold the equipment to another party. Avantech demanded the return of its deposit from Hudson and Koch. When none was forthcoming, Avantech sued, claiming breach of contract, conversion, and unjust enrichment.[1] In addition to the $50,000 in actual damages, Avantech requested punitive damages and attorney's fees.

Hudson filed a special appearance, which the trial court sustained. The court granted a partial default judgment against Koch on February 2, 1990. This judgment did not address Avantech's claim for punitive damages and attorney's fees. Koch filed a special appearance without supporting affidavits on March 5, 1990. Koch also filed a motion to quash service, a motion for new trial, and an original answer. All were made subject to its special appearance. Koch filed an amended special appearance which included a supporting affidavit and exhibits on March 14, 1990. On March 27, 1990, Avantech filed an amended petition in which it dropped its claim for punitive damages and attorney's fees, thus making the judgment final. The trial court held a hearing and overruled Koch's special appearance on March 30, 1990. The court denied Koch's motions to quash service and for new trial on April 12, 1990.

## SPECIAL APPEARANCE

■ Koch's first point of error challenges the overruling of its special appearance. Although the trial court held a hearing and allowed evidence, the trial court refused to reach the merits of the special appearance. The court stated that it did not have the power to entertain a special appearance after the entry of a default judgment. We disagree. At the time the Special Appearance and its amendment were filed, the trial court retained power since the judgment was interlocutory. *See Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693–694 (Tex. 1987). Furthermore, it has been held that, within the period when the trial court has plenary power over its judgment, the court may address a special appearance. *Myers v. Emery,* 697 S.W.2d 26, 29 (Tex.App.— Dallas 1985, no writ). The trial court should have decided Koch's special appearance on the merits. Since the evidence which the parties presented at the special appearance hearing is in the record, we will address the merits of Koch's claim. *Lone Star Gas Co. v. Railroad Comm'n,* 767 S.W.2d 709, 710 (Tex.1989); TEX.R.APP.P. 81(c).

## WAIVER

■ As a starting point, we address the argument that Koch waived its claim by seeking affirmative relief from the trial court. Koch filed a special appearance and then filed motions to have the default judgment set aside and for new trial. The motions were expressly made subject to its special appearance. Rule 120a provides that "any other plea, pleading, or motion may be ... filed subsequent thereto without waiver of such special appearance." TEX.R.CIV.P. 120a(1). The mere filing of the motions did not waive Koch's special appearance. Additionally, Koch's actions taken after the denial of its special appearance did not cause a waiver of its special appearance.

> If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.

TEX.R.CIV.P. 120a(3).

## PERSONAL JURISDICTION

■ A Texas court may exercise jurisdiction over a nonresident only if the Texas cause of action.

1. Avantech's counsel agreed at oral argument that "unjust enrichment" does not exist as a

long-arm statute authorizes it and if the exercise is consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990). Avantech's pleadings assert that Koch was a third-party beneficiary to a contract Avantech had negotiated with Hudson and that Koch "had otherwise engaged in business in Texas." We note again that the trial court granted Hudson's special appearance and Avantech has not appealed that ruling. With those facts decided adversely to Avantech, we fail to see how a third-party beneficiary to a contract is amenable to suit in Texas when the prime negotiator of the contract is not, unless of course the third-party is otherwise subject to this state's jurisdiction. Thus, we come to the long-arm statute which allows jurisdiction over nonresidents who "do business" in Texas.

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>
> (2) commits a tort in whole or in part in this state; or
>
> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986).

Further, the Texas Supreme Court has set forth a test to determine whether the exercise of jurisdiction conforms with due process:

> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;
>
> (2) The cause of action must arise from, or be connected with, such act or transaction; even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic; and
>
> (3) The assumption of jurisdiction by the forum state must not offend traditional

notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Schlobohm,* 784 S.W.2d at 358 (quoting, in part, *O'Brien v. Lanpar Co.,* 399 S.W.2d 340, 342 (Tex.1966)). This test satisfies federal due process requirements. The first portion encapsulates the "minimum contacts" test requirement that a defendant purposefully avail himself of the benefits of the forum and reasonably expect to be called to court there. *See World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The second portion reflects the changing standards of the "minimum contacts" test depending on whether the jurisdiction arises from contacts which are isolated (specific) or are continuing and systematic (general). *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 413, 104 S.Ct. 1868, 1871, 80 L.Ed.2d 404 (1984). The third portion provides the overriding concern that once the first two prongs are met, the courts of this state must still consider traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

At the special appearance hearing, Koch presented the deposition of its president. The deposition testimony showed that Koch is incorporated in New York, has had the same president since its inception, and that Koch has never been authorized to do business in Texas, maintained a place of business or an agent for service of process in Texas, done business in Texas, had any employees in Texas, solicited business in Texas, or owned any property in Texas. Specifically in connection with this transaction, the deposition showed that Koch never entered into a contract with Avantech, performed or agreed to perform duties in Texas, was present in Texas, or directed communications to Avantech. The deposi-

tion also showed that the printing equipment had always been located at Koch's place of business in New York and that Koch had only dealt with Hudson. Avantech did not controvert any of these statements.

In a special appearance under rule 120a, the defendant has the burden to prove that it is not amenable to the jurisdiction of a Texas court. *Minexa Ariz., Inc. v. Staubach,* 667 S.W.2d 563, 565 (Tex.App.—Dallas 1984, no writ); *Carbonit Houston, Inc. v. Exchange Bank,* 628 S.W.2d 826, 829 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). It is the duty of this Court to review all of the evidence before the trial court on the question of jurisdiction. *Hoppenfeld v. Crook,* 498 S.W.2d 52, 55 (Tex. Civ.App.—Austin 1973, writ ref'd n.r.e.).

The uncontroverted evidence before the trial court shows Koch has no connection with Texas and only an indirect connection with Avantech. There is no evidence that Koch has ever purposefully acted or consummated any transaction in Texas. We conclude that Koch was not doing business in Texas. We further conclude that Koch did not purposely avail itself of the privilege of conducting activities in Texas; Koch did not purposely invoke the benefits and protection of Texas laws, and Koch did not have sufficient minimum contacts with Texas. Consequently, we do not reach consideration of traditional notions of fair play and substantial justice. We sustain Koch's first point of error. In view of our disposition of this point of error, we do not reach Koch's remaining points of error.

A judgment rendered in violation of due process is void in the rendering state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). We render the judgment which the trial court should have rendered and sustain Koch's special appearance. The trial court's judgment is reversed, and the cause is dismissed for lack of personal jurisdiction over Koch Graphics, Inc.