# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00469-CV

**Valerie Thomas Bahar, M.D., P.A., and Valerie Thomas Bahar, Individually, Appellants**

**v.**

**Lyon Financial Services, Inc., A Minnesota Corporation d/b/a US Bancorp Manifest Funding Services, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-06-003390, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Valerie Thomas Bahar, M.D., P.A., and Valerie Thomas Bahar, individually, (collectively "Bahar") appeal from the trial court's order denying a special appearance and a motion to stay enforcement of and vacate a judgment for monetary damages awarded to Lyon Financial Services, Inc., a Minnesota Corporation d/b/a US Bancorp Manifest Funding Services ("Lyon Financial"). We will dismiss the appeal for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Lyon Financial obtained a default judgment against Bahar in a Minnesota district court. On May 22, 2006, Lyon Financial domesticated the Minnesota judgment by filing it in County Court at Law No. 1 of Travis County pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001-.008 (West 2008). On

April 16, 2007, almost a year after the foreign judgment was filed, Bahar filed a motion to stay enforcement of and vacate the judgment. Bahar alleged that the judgment should be vacated because she was never served with process in the underlying suit as required by Minnesota law. Bahar also filed a special appearance on the ground that she is not a resident of Travis County and the trial court's exercise of jurisdiction over her would "offend traditional notions of fair play and substantial justice." Bahar alleged that she resides in Houston, Texas and has never had an address in Travis County.

Lyon Financial filed a response to the motion to vacate contending that the trial court's plenary power to vacate the judgment had expired. Lyon Financial asserted that the Minnesota judgment became a final judgment of the Texas court thirty days after it was domesticated in accordance with the UEFJA. At the hearing on the motion to vacate, the trial court concluded that it lacked jurisdiction to consider the motion to vacate because its plenary power had expired and because Bahar's contention that the judgment was void for lack of service of process could only be brought by bill of review. At the same hearing, the trial court also denied Bahar's special appearance, observing that she is a Texas resident. The trial court signed an order denying both motions on June 1, 2007. Bahar filed a notice of appeal that gave notice of "a desire to appeal to the Court of Appeals for the Third Supreme Judicial District Court of Texas from the orders denying the Defendant's Special Appearance and Defendant's Motion to Stay Enforcement of Foreign Judgment and Motion to Vacate Domestication of Filed Foreign Judgment in this cause rendered on the 1st day of June 2007."

2

Shortly thereafter, Lyon Financial filed an application for a turnover order pursuant to section 31.002 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §31.002 (West 2008) (under certain enumerated circumstances, judgment creditor is entitled to aid from court of appropriate jurisdiction to reach property to obtain satisfaction on judgment). Bahar objected to the trial court's action with respect to the turnover order on the basis that, because she had filed a notice of appeal, the trial court had no jurisdiction to issue the turnover order. Bahar contended that the application for turnover should have been filed with the appellate court. The trial court rejected Bahar's arguments and on June 26, 2007, signed a turnover order and appointed a receiver. Bahar did not file a notice of appeal of the June 26th turnover order.

By three issues, Bahar complains of the trial court's denial of her motion to vacate and her special appearance, and she asserts that the trial court had no jurisdiction to enter a turnover order once she filed a notice of appeal.

**STANDARD OF REVIEW**

Whether a court has subject matter jurisdiction is a question of law we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a trial court has personal jurisdiction over a defendant is a question of law. *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805 (Tex. 2002). If, as here, the special appearance is based upon undisputed or established facts, we review the court's order de novo. *Conner v. ContiCarriers & Terminals, Inc.*, 944 S.W.2d 405, 411 (Tex. App.—Houston [14th Dist.] 1997, no writ).

**DISCUSSION**

When a foreign judgment is filed in Texas under the UEFJA, the debtor's position is analogous to that of a person against whom a no-answer default judgment has been rendered: "there may not have been any opportunity for such a debtor to have defended against the judgment in a trial, but he is not cut off from any postjudgment procedures for attacking the judgment." *Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ); *see also Myrick v. Nelson's Legal Investigating & Consulting*, No. 04-08-00174-CV, 2009 Tex. App. LEXIS 3262, at *4-6 (Tex. App.—San Antonio May 13, 2009, no pet.) (mem. op.). A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, enforcing, or satisfying a judgment as a judgment of the court in which it is filed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c). The plain language of the statute mandates that a foreign judgment is treated as a judgment of the Texas court in which it is filed. The appellate timetables begin to run from the date the foreign judgment is filed. *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 279 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In the present case, the time period for filing a motion for new trial or other challenge to the domesticated judgment began on May 22, 2006, the date the Minnesota judgment was filed in Travis County pursuant to section 35.003 of the civil practice and remedies code. Bahar did not file a motion for new trial or otherwise challenge the judgment until almost a year later, in April 2007. By that time, the court's plenary power had long since expired, on June 22, 2006. Bahar does not dispute that the trial court's plenary power had expired when she filed her motion to vacate the judgment.

4

*Motion to Vacate Judgment*

In her first issue, Bahar contends that the trial court erred in concluding that it did not have jurisdiction to consider the motion to vacate filed after it had lost plenary power over the judgment. Bahar asserts that, because she was never served with process in the underlying suit, the judgment is void and therefore subject to a collateral attack, which she asserts could be filed at any time. We disagree. To begin with, what Bahar filed was a direct attack, not a collateral attack. *See Browning v. Prostok*, 165 S.W.3d 336, 345-46 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against."). Here, Bahar is attempting to vacate the judgment in a proceeding instituted for that purpose. This is a direct attack on the judgment. Rule 329b provides that "on expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause." Tex. R. Civ. P. 329b(f). The Texas Supreme Court has construed this rule to mean that after a trial court's plenary power has expired, a bill of review is the exclusive remedy by which a court may, in a direct attack, set aside a final judgment rendered by a trial court that had "jurisdictional power" to render the judgment. *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985); *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974); *McEwen v. Harrison*, 345 S.W.2d 706, 710 (Tex. 1961). In this context, "jurisdictional power" means jurisdiction "over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Deen*, 508 S.W.2d at 72. In this case, Bahar complains that the judgment is void because she was not served with process. The supreme court has specifically held

5

that "those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process" fall squarely within the category of judgments rendered by a trial court with "jurisdictional power" and, after the court's plenary power has expired, may be challenged only by a bill of review. *McEwen*, 345 S.W.2d at 710. Therefore, Bahar's exclusive avenue for having the judgment vacated or set aside in this direct attack was to file a bill of review.

The trial court had no jurisdiction to address Bahar's motion challenging the judgment other than by bill of review. Rather than dismiss the motion for lack of subject matter jurisdiction, however, the trial court denied the motion. Because the trial court lacked jurisdiction to rule on the merits of the motion, the order denying the motion, itself, is void. *See Houston Pipeline Co. v. Bank of America*, 213 S.W.3d 418, 429 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1985)) (void judgment results when trial court had no jurisdiction over parties or subject matter). Because the trial court's order is void, we vacate the order and dismiss Bahar's first appellate issue for lack of jurisdiction. Tex. R. App. P. 43.2(e); *see also Juarez v. Texas Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex. App.—El Paso 2005, no pet.) (if trial court lacked jurisdiction, appellate court has jurisdiction only to set judgment aside and dismiss cause).

***Special Appearance***

By her third issue, Bahar complains of the trial court's denial of her special appearance. The court did not have jurisdiction to entertain a special appearance after its plenary power expired. *See, e.g.*, *Koch Graphics, Inc. v. Avantech, Inc.*, 803 S.W.2d 432, 433 (Tex. App.—Dallas 1991, no writ) (trial court could consider special appearance filed after default

6

judgment and within time period it retained plenary power); *Myers v. Emery*, 697 S.W.2d 26, 29 (Tex. App.—Dallas 1985, no writ) (court may address special appearance within period it has plenary power). Bahar contends that her special appearance is combined with a motion to transfer venue, which she claims could be brought at any time. Complaints about improper venue must be raised in a motion to transfer venue pursuant to rule 86 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 86(1); *see also Gordon v. Jones*, 196 S.W.3d 376, 384 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (venue is not jurisdictional and party waives any objection to improper venue if objection not made by timely filed written motion). While rule 86 provides that a motion to transfer venue "may be combined with other objections and defenses and included in the movant's first responsive pleading," the rule also provides that "the motion *shall state that the action should be transferred* to another specified county of proper venue." Tex. R. Civ. P. 86(3) (emphasis added). Bahar's motion requested only dismissal of the case, not transfer to a county of proper venue, and does not, therefore, meet the procedural requirements of a motion to transfer venue. As stated above, because the trial court lacked jurisdiction to address a special appearance after its plenary power expired, the order denying the special appearance is void. Consequently, we vacate the trial court's order and dismiss the appellate issue pertaining to the special appearance. Tex. R. App. P. 43.2(e).[1]

---

[1] We note that Bahar's special-appearance argument lacks merit. Bahar stated in her declaration that she is a resident of Texas. A special appearance is a mechanism for nonresident defendants who are not amenable to process issued by Texas courts to appear for the purpose of challenging the court's jurisdiction. *See* Tex. R. Civ. P. 120a. To successfully make this challenge, one must first be a nonresident of Texas because it is presumed that Texas courts automatically have jurisdiction over Texas residents. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985) (per curiam) (rule 120a permits only nonresident defendant to challenge jurisdiction of court over one's person or property).

7

*Turnover Order*

In her second issue, Bahar complains that the trial court erred in signing a turnover order because (1) a void judgment cannot support a turnover order, and (2) the trial court had no jurisdiction to issue the turnover order because Bahar had filed a notice of appeal. Bahar has not filed a notice of appeal from the order about which she complains, and consequently has failed to perfect an appeal from that order. *See* Tex. R. App. P. 25.1(a), (c). This Court does not have jurisdiction of an appeal unless a timely notice of appeal has been filed. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001). We dismiss Bahar's appellate issue regarding the turnover order for lack of jurisdiction.[2]

**CONCLUSION**

The trial court lacked jurisdiction to address Bahar's motion to vacate the judgment and special appearance. The order denying those motions is therefore void. We vacate the trial court's order and dismiss Bahar's issues pertaining to the motion to vacate the judgment and the special appearance. Bahar failed to perfect an appeal from the turnover order. This Court lacks

---

[2] In any event, Bahar's appeal from this order, on the grounds raised, would fail. Bahar's filing of a notice of appeal did not deprive the trial court of jurisdiction to issue a turnover order. The pendency of an appeal does not suspend the right of a judgment creditor to seek aid in the trial court to enforce a judgment pursuant to section 31.002 of the civil practice and remedies code unless the judgment is superseded. *Anderson v. Lykes*, 761 S.W.2d 831, 834 (Tex. App.—Dallas 1988, no writ) (despite pendency of appeal, trial court is not only court of appropriate jurisdiction, but, because of nature of relief requested, is court of most appropriate jurisdiction in which to seek turnover order). This conclusion is consistent with Texas Supreme Court cases holding that, when a final judgment is not superseded, "not only does a trial court 'have jurisdiction to hear the motion to enforce its final judgment, despite the fact that the judgment ha[s] been appealed,' but 'a trial court has an affirmative duty to enforce its judgment.'" *In re Sheshtawy*, 154 S.W.3d 114, 118 (Tex. 2004) (quoting *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003)).

jurisdiction over the portion of Bahar's appeal complaining of the turnover order, and it is dismissed.

Accordingly, we dismiss Bahar's appeal for lack of jurisdiction in its entirety.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   July 28, 2009

9