

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00122-CV

**IN THE INTEREST OF D.D.A.W. AND K.L.D.W., CHILDREN**

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-566582-14, Honorable Michael K. Sinha, Presiding

October 22, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, the Mother of the minor children, brings this appeal from an order of the trial court granting the Father's special appearance and ordering the dismissal of the Mother's suit affecting the parent-child relationship (SAPCR). For reasons hereinafter stated, we will affirm the order of the trial court.

### Factual and Procedural Background

On November 17, 2014, the Mother filed a suit affecting the parent-child relationship in Tarrant County, Texas. The Father was served with process but did not initially file an answer. On December 22, 2014, the associate judge for the trial court

entered her recommendation on what were designated temporary orders. On December 23, 2014, the Father filed a special appearance, plea to the jurisdiction, request for the trial court to decline jurisdiction, and original answer. In the special appearance portion of the pleading, the Father stated that his legal domicile was in Los Angeles County, California, and that he was not amenable to personal jurisdiction in Texas.

Inasmuch as the Father's special appearance was filed after the report of the associate judge, on the same day that his special appearance was filed, the Father also filed a notice of *de novo* hearing request from the associate judge's recommendation. Contained within the notice of *de novo* hearing request is the following statement, "[r]espondent challenges jurisdiction of this court and has filed a Special Appearance, Plea to the Jurisdiction, Request for [the] Court to Decline Jurisdiction, and Original Answer as of this date." The Mother filed a response to the Father's special appearance, wherein the Mother urges the trial court to deny the same because a default order had been entered and no proper motion for new trial had been filed.

On December 29, 2014, an order in the SAPCR was entered. According to the record of a hearing on the Father's special appearance, this was to have been the temporary order heard December 22, 2014. However, nowhere in this order does it refer to any temporary matters; rather, it appears to be a final order.

On January 2, 2015, the Father filed a motion for clarifying orders and motion to set aside the default judgment. This motion was filed subject to the Father's special appearance. Subsequently, on January 15, 2015, the Father filed a first amended

2

special appearance, request for court to decline jurisdiction, and original answer. In this amended special appearance, the Father swore to the allegations before a notary public.

A hearing was held on the special appearance on January 13, 2015, before the trial court. After hearing arguments of counsel, receiving testimony from the Mother, and admitting one exhibit, the trial court sustained the Father's special appearance and ordered the cause dismissed. It is from this ruling that the Mother appeals. The Mother brings forth three issues for consideration. First, she contends the trial court committed reversible error by failing to file findings of fact and conclusions of law. Second, she contends that the trial court committed reversible error sustaining the special appearance because the Father waived his right to present a special appearance by requesting affirmative relief from the trial court. Finally, the Mother contends that the trial court erred in sustaining the special appearance because the evidence was factually insufficient to sustain the ruling. Disagreeing with the Mother, we will affirm the order of the trial court.

Findings of Fact and Conclusions of Law

The Mother contends that the trial court was required to file findings of fact and conclusions of law in this case. *See* TEX. R. CIV. P. 296.[1] The Mother filed a request for findings of fact and conclusions of law and, subsequently, filed a notice of past due findings. *See* Rule 297. The Mother contends that the failure of the trial court to file the

---

[1] Further reference to the Texas Rules of Civil Procedure will be by reference to "Rule ____."

3

requested findings is reversible error because she is unable to properly present her appeal.

The Mother's position is not supportable for at least two reasons. First, Rule 296 has been interpreted to require findings when there has been a final determination after a conventional trial on the merits before the trial court. *See In re Estate of Davis,* 216 S.W.3d 537, 542 (Tex. App.—Texarkana 2007, pet. denied); *see also Pelican State Physical Therapy, L.P. v. Bratton,* No. 01-06-00199-CV, 2007 Tex. App. LEXIS 7840, at *10-11 (Tex. App.—Houston [1st Dist.] Sept. 27, 2007, no pet.) (mem. op.) (op. on reh'g) (citing *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.,* 938 S.W.2d 440, 441 (Tex. 1997)). The hearing on the Father's special appearance was not a conventional trial on the merits and, although the Mother could seek the findings, the failure of the trial court to file them was not reversible error. *See In re Estate of Davis,* 216 S.W.3d at 542.

Further, the Mother is not left to guess at the reasons for the trial court's ruling. A review of the record reveals that there was never a contested issue of whether the Father had, in fact, filed for divorce in California before this SAPCR was initiated in Texas. The Mother was sworn in and testified that she, in fact, filed an answer and a counter-petition for divorce in California following the Father's filing for divorce. From this record, the trial court was clearly looking at a question of law. That is, whether the California court had jurisdiction over the matters, specifically the children of the marriage.

Based upon the foregoing, we overrule the Mother's first issue.

Waiver of Special Appearance.

The Mother next contends that the Father waived his special appearance when he sought *de novo* review of the associate judge's order. This, she contends, constituted a general appearance. *See Dawson-Austin v. Austin,* 968 S.W.2d 319, 322 (Tex. 1998).

The record reveals that when the Father filed his notice of *de novo* hearing request, the same contained the following sentence, "[r]espondent challenges jurisdiction of this court and has filed a special appearance" and, further, requested the court to decline jurisdiction. So the question becomes did such a statement preserve the Father's special appearance. The Texas Supreme Court has answered that question in the *Dawson-Austin* case. *See id.* In that case, Dawson-Austin filed a motion to quash service, plea to the jurisdiction, and special appearance in one instrument. *Id.* at 321. However, the document did not make the filing of the motion to quash and plea to the jurisdiction specifically subject to the special appearance. *Id.* The court determined that filing the motion to quash and plea to the jurisdiction in the same instrument did not contravene the requirements of Rule 120a, the special appearance rule. *See id.* at 322. Further, the court pointed out that several of the intermediate courts of appeals had not held that the "subject to" language is a requirement to avoid waiver. *Id.* at 323 (citing to *Int'l Turbine Serv., Inc. v. Lovitt,* 881 S.W.2d 805, 808 (Tex. App.—Fort Worth 1994, writ denied); *Koch Graphics, Inc. v. Avantech, Inc.,* 803 S.W.2d 432, 433 (Tex. App.—Dallas 1991, no writ); *Frye v. Ross Aviation, Inc.,* 523 S.W.2d 500, 502 (Tex. Civ. App.—Amarillo 1975, no writ)).

Under this record, the *de novo* hearing request specifically mentioned the plea to the jurisdiction but did not contain the "subject to" language. Under the case law cited, we find support for our conclusion that the Father did not make a general appearance and thereby waive his special appearance by failing to include such "subject to" language. *See Dawson-Austin,* 968 S.W.2d at 322-23. We, therefore, overrule the Mother's second issue.

Insufficiency of the Evidence

Finally, the Mother contends that the evidence was factually insufficient to support the trial court's ruling. A review of the factual sufficiency of the evidence is governed by the standard of review set forth in *City of Keller v. Wilson*, and we refer the parties to that case. *See* 168 S.W.3d 802, 826 (Tex. 2005).

The Mother contends that we must reverse the trial court's decision because the Father did not produce any evidence to negate all bases of personal jurisdiction. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985) (per curiam). It is a proper statement of the law that the proponent of a special appearance must negate the bases of personal jurisdiction. *See id.* However, the Mother carries this proposition to the extreme view that the proponent must personally introduce the evidence relied upon by the trial court in sustaining a special appearance.

The record reveals that the Mother testified that she filed an answer and a counter-petition to the Father's petition for divorce in California. Further, no one ever contended that the Father's initial suit for divorce did not precede the filing of this Texas SAPCR action. In fact, there was an exhibit, petitioner's exhibit 1, which demonstrated

6

the timeline of the filing of the California divorce. This exhibit reflects that the Father filed his petition of divorce on April 8, 2014. Further, the proof of service of the petition for divorce was filed on May 21, 2014. The Mother then filed her response on June 6, 2014, and, contained therein, according to the Mother's testimony, was her counter-petition, as reflected by the "Declaration-Uniform Custody Minor" filed on that same day. Thereafter, the Father was served by mail issued that same day. The SAPCR cause of action at issue was filed on November 11, 2014. All of this evidence was before the trial court when it made its decision. Accordingly, we cannot say that there was factually insufficient evidence before the trial court to support its granting of the Father's special appearance. *See City of Keller,* 168 S.W.3d at 826. The Mother's final issue is overruled.

It should also be noted that the Mother's true contention before the trial court was that, notwithstanding the California divorce action, she had the right to maintain a SAPCR action in Texas pursuant to the Texas Family Code. *See* TEX. FAM. CODE ANN. § 152.201(a)(1) (West 2014). However, a closer reading of the Texas Family Code reveals that, since the proceeding in California preceded the filing of the Texas SAPCR action, a court of this State could not exercise jurisdiction unless the action in California had been terminated or stayed. *See* TEX. FAM. CODE ANN. § 152.206(a) (West 2014). Nothing in this record indicates that the action in California had been terminated or stayed.

Conclusion

Having overruled all of the Mother's issues, we affirm the order of the trial court granting the Father's special appearance and dismissing the cause.


Mackey K. Hancock
Justice